# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TORRENCE WAYDE MURRAY,<br><br>Petitioner,<br><br>v.<br><br>MARIROSA LAMAS, et al.,<br><br>Respondents. | Civil Action<br><br>No. 10-5046 |

## ORDER

AND NOW, this 5th day of June, 2011, after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, dkt. 6, upon de novo consideration of the objections raised by petitioner Torrence Wayde Murray, it is hereby ORDERED that:

1. The Report and Recommendation of the Magistrate Judge is ADOPTED;[1]

---

[1] Murray's pro se petition does not raise the issue of equitable tolling, nor is it discussed in the Report and Recommendation. However, even if the court exercised its discretion to consider issues not raised by the petition, *see United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999), equitable tolling would not save the petition for the following reasons. The Clerk of Quarter Sessions' error, outlined in the Report and Recommendation, arguably triggers the equitable tolling doctrine because it misled petitioner into believing he had complied with the procedural requirements for filing a PCRA petition. *Cf. Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (where the court affirmatively misled petitioner into believing she did everything that was required of her, equitable tolling was warranted). However, even if this court applied the equitable tolling doctrine to the habeas petition, it would still be untimely. Murray initially waited 324 days after his judgment became final before filing his PCRA

2. The petition for a writ of habeas corpus is DENIED and DISMISSED;

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.

---

petition, so even if this court equitably tolled the statute of limitations for the entire duration of his state court proceedings, the instant habeas petition would still be late by several months. Likewise, the Clerk's error could arguably create a "state action" impediment under 28 U.S.C. § 2244(d)(1)(b) that would entitle petitioner to statutory tolling; however, even if § 2244(d)(1)(b) was applied, the habeas petition would still be untimely.